UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-379-FDW

| | |
|---|---|
| DAMIEN A. BOND, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF CORRECTIONS, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

I.     **BACKGROUND**

Pro se Petitioner Damien Bond is a prisoner of the State of North Carolina who, on or about November 7, 2013, in Mecklenburg County Superior Court, was convicted of second-degree murder. Petitioner was sentenced to 300 to 378 months imprisonment. Petitioner placed the instant petition in the prison system for mailing on June 17, 2014 and it was stamp-filed in this Court on July 9, 2014. In the instant § 2254 petition, Petitioner essentially alleges that the state court did not have jurisdiction to obtain the criminal conviction against him. Petitioner's stated grounds for relief are "hostage taking, "identity fraud," "deprivation of rights under color of law," "state action is in violation of U.S. constitution, contrary to due process, no[t] fair just trial or remedy," and "colorable citizenry." (Doc. No. 1 at 5-10). Petitioner alleges that on November 16, 2013, "Respondent took me against my will to be hostage under a fictitious name for a maximum of 31 years, 5 months, and 25 days. I am currently being held a prisoner of the state of North Carolina under the authority of the said Respondent against my will, under a

1

fictitious name." (Id. at 5). In his grounds for relief, Petitioner essentially claims that the state court had no jurisdiction to convict him, and he claims membership in the "Moorish American Nation." (Id. at 20).

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III. DISCUSSION

Here, Petitioner essentially contends that the state courts lacked jurisdiction to convict him because he is a member of the "Moorish American Nation." Petitioner's claim that he did not "consent" to the jurisdiction of the State of North Carolina and its criminal laws is frivolous. All persons within the State of North Carolina, particularly citizens of the State, are "subject to its criminal laws and are within the jurisdiction of its courts." State v. McAlhaney, 220 N.C. 387, 17 S.E.2d 352, 354 (1941). Furthermore, courts have repeatedly rejected arguments such as Petitioner's by individuals who claim that they are not subject to the laws of the United States or the individual States by virtue of their "Moorish American" citizenship. See Hampton v. City of Durham, No. 1:10cv706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (unpublished) (collecting cases). This action will, therefore, be dismissed. The Court will, however, dismiss the action without prejudice in the event Petitioner chooses to file a second Section 2254 with a colorable claim for relief.

## IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2254 petition is dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 petition, (Doc. No. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge